IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS MAURICE HOWARD, #237755, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) CIV. A. NO. 22-0153-KD-MU ) |
| DEBORAH TONEY, WARDEN OF LIMESTONE CORRECTIONAL FACILITY,[1] | ) ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Curtis Maurice Howard's Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. (Doc. 1). Howard was convicted and sentenced in Macon County, Alabama, and he is currently incarcerated at Limestone Correctional Facility in Harvest, Alabama, which is in Limestone County. His current action is based upon allegations pertaining to his conviction and sentencing in the Macon County Circuit Court. (Doc. 1 at pp. 5-15). When a § 2254 habeas petition is filed by a prisoner in a state with two or more federal judicial districts, like Alabama, "concurrent jurisdiction exists in both

---

[1] The Court has corrected the docket to reflect Warden Deborah Toney as the properly named respondent in this action. Although Petitioner originally named "Macon County Circuit Court State of Alabama" as respondent, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "the petition must name as respondent the state officer who has custody" if the petitioner is currently in state custody. The Petition herein reflects that Petitioner is currently incarcerated in Limestone Correctional Facility. The Clerk of Court is **DIRECTED** to terminate "Macon County Circuit Court State of Alabama" as respondent in this action and to add Warden Deborah Toney as respondent.

the district court of confinement and the district court in which the sentence was imposed." *Coleman v. Headley,* Civ. A. No. 21-00318-JB-B, 2021 WL 3754561, at *1 (S.D. Ala. Aug. 13, 2021), *report and recommendation adopted* 2021 WL 3744997 (Aug. 24, 2021) (quoting *Crenshaw v. Myers*, 2018 WL 1100905, at *1 (N.D. Ala. Jan. 23, 2018), *report and recommendation adopted*, 2018 WL 1089755 (Feb. 28, 2018); *see* 28 U.S.C. § 2241(d). Limestone Correctional Facility, where Howard is currently incarcerated, is in Limestone County, Alabama, which is within the Northern District of Alabama (Northeastern Division). 28 U.S.C. § 81(b)(2). Howard was convicted and sentenced in Macon County, Alabama, which is within the Middle District of Alabama (Eastern Division). 28 U.S.C. § 81(b)(3). Accordingly, Howard should have filed the current petition in one of these Districts, not the Southern District of Alabama. This Court lacks subject matter jurisdiction to consider Howard's petition. S*ee Dobard v. Johnson,* 749 F.2d 1503, 1507 (11th Cir. 1985); *Crittenden v. Ala. Dep't of Corr.*, Civ. A. No. 14-0147-KD-N, 2014 WL 1826626, at * 1 (S.D. Ala. May 8, 2014).

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed…." As set forth above, Howard's action could have been filed in either the Northern District or the Middle District of Alabama. Because Howard is challenging his conviction and sentence in Macon County Circuit Court, in the interest of justice, the undersigned **RECOMMENDS** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1631. *See, e.g.,*

2

*Coleman, supra,* 2021 WL 3754561, at *2 (finding that, because petitioner was proceeding *pro se* and was seeking habeas relief, transfer was appropriate in the interest of justice, rather than dismissal); *Marin v. Fla.,* No. 4:13cv65-MW/CAS, 2013 WL 1405913, at *1 (N.D. Fla. Mar. 19, 2013) (recognizing that the prisoner's petition was filed in the wrong federal district, the court transferred the case to the only correct federal district, as opposed to dismissing for lack of jurisdiction), *report and recommendation adopted*, 2013 WL 1405910 (N.D. Fla. Apr. 8, 2013).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

3

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **19th** day of **April, 2022**.

s/P. BRADLEY MURRAY<br>
**UNITED STATES MAGISTRATE JUDGE**